UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL W. CHEATHAM, | ) | CASE NO. 1:07 CV 426 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, | ) | |
| | ) | |
| Respondent. | ) | |

On February 15, 2007, petitioner Michael W. Cheatham filed the above-captioned

petition for writ of habeas corpus under 28 U.S.C. § 2254.  Mr. Cheatham is confined in the

Cuyahoga County jail.  He claims he is being unfairly detained.  For the reasons stated below, the

petition is denied and this action is dismissed.

**Background**

Mr. Cheatham was indicted on charges of theft on February 15, 2006.  A capias was

issued for his arrest.  Mr. Cheatham was arraigned on November 7, 2006.  Counsel was appointed

to represent Mr. Cheatham.  The first pre-trial was scheduled for December 14, 2006, at which time

a personal bond was set at $ 1,000.00 subject to Mr. Cheatham participating in court supervised

release.  Thereafter, Mr. Cheatham filed a pro se motion to dismiss the case based on lack of evidence.  He also filed a pro se motion to be present and participate in all court proceedings.  The court did not rule on those motions.  A second pre-trial was scheduled for January 4, 2007.

Mr. Cheatham claims that he met with the probation department after the first pre-trial and was told to report back to them after his next court date.  Mr. Cheatham contends that because he filed the motion requesting that he be present for all court hearings, no court proceedings could be conducted without him being present.  He states "no court proceedings was [sic] held in his presence involving his attorney, the prosecutor, and the judge."  (Compl. at 2.)  Although a second pretrial was held on January 4, 2007, Mr. Cheatham apparently did not count that as a "court date" because he was not present.  He concluded he therefore was not required to report to the probation department after that hearing.  The probation department and the court disagreed with Mr. Cheatham on this point and a capias was issued for his arrest.  He was remanded to the custody of the Cuyahoga County Jail where he is currently awaiting trial.

Mr. Cheatham states that his incarceration has placed him under financial and emotional strain.  He claims he is being evicted and his gas has been shut off, his disability check has been stopped and he has been experiencing symptoms of post traumatic stress disorder from his days in the Vietnam War.  He claims he "is being unlawfully deprived of his freedom" and he asks this court to order his discharge from detention.  (Compl. at 5.)

### Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996.  The provisions of the AEDPA apply to habeas corpus petitions filed after that effective date.  Lindh v. Murphy, 521 U.S. 320, 336

2

(1997), see Woodford v. Garceau, 538 U.S. 202, 210 (2003); Barker v. Yukins, 199 F.3d 867, 871

(6th Cir. 1999)("It is now well settled that AEDPA applies to all habeas petitions filed on or after

its April 24, 1996 effective date.") The AEDPA was enacted "to reduce delays in the execution of

state and federal criminal sentences, and 'to further the principles of comity, finality, and

federalism.'" Woodford, 538 U.S. at 206 (citing Williams v. Taylor, 529 U.S. 362, 436 (2000)).

In advancing such goals, Section 2254(d) places new constraints on "the power of a federal habeas

court to grant a state prisoner's application for a writ of habeas corpus with respect to claims

adjudicated on the merits in state court." Williams, 529 U.S. at 412. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may grant a petition for a writ of habeas corpus filed by a person in

state custody only on the ground that he is in custody in violation of the Constitution, laws, or

treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies

available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d

1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994).

"The exhaustion requirement is satisfied when the highest court in the state in which the petitioner

3

was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander. 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

This court cannot reach the question of exhaustion of state court remedies because Mr. Cheatham has not presented any claims for relief in his petition. He provides a short narrative of facts and then concludes that he "is being unlawfully deprived of his freedom." (Compl. at 5.) Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A pleading must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff. ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Even liberally construing this petition, the court can find no stated or apparent federal ground for relief.

### Conclusion

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

4

from this decision could not be taken in good faith, and there is no basis upon which to issue a

certificate of appealability.  Fed.R.App.P. 22(b).

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 14, 2007

5